UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
In re:

ICONIC BRANDS, INC.,

Case No. 8-23-73829-las

Chapter 7

Debtor.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER SUSTAINING OBJECTION TO CLAIM NUMBER 7-1 OF EMSL ANALYTICAL, INC.**

I. Introduction

Before the Court is the objection (the "Objection") [Doc. No. 242],[1] dated June 16, 2026, of Robert L. Pryor, Esq., as Trustee (the "Trustee") for the bankruptcy estate of Iconic Brands, Inc. (the "Debtor"), for entry of an order pursuant to 11 U.S.C. §§ 502(a) and 502(b)(1), and Rule 3007 of the Federal Rules of Bankruptcy Procedure,[2] expunging proof of claim no. 7-1 filed on March 27, 2024 by EMSL Analytical, Inc. ("EMSL") in the amount of $1,046,255.49. For the reasons set forth on the record at the hearing[3] on August 18, 2026, the Court sustained the Objection, disallowed and expunged the claim, and "so ordered" the record. This Memorandum Decision and Order is consistent with and explains further the basis for the Court's ruling.

II. Jurisdiction

The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334(b) and

---

[1] Unless otherwise stated, citations to docket entries in the bankruptcy case, Case No. 8-23-73829-las, are cited as "[Doc. No. ____]".

[2] Hereinafter, the Federal Rules of Bankruptcy Procedure are defined as the "Bankruptcy Rules" and title 11 of the United States Code is defined as the "Bankruptcy Code."

[3] The transcript of the August 18, 2026, hearing shall hereinafter be referenced as "Aug. 18 Tr." [Doc. No. 250].

the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) that the Court may hear and decide. 28 U.S.C. § 157(b)(1).

III. Background and Procedural History[4]

a. Pre-Petition Actions in the New Jersey Lawsuit[5]

On June 23, 2023, ESML filed a complaint (the "Complaint")[6] against TopPop LLC ("TopPop") and the Debtor in the Superior Court of New Jersey, Law Division, Burlington County. [Doc 248], at 2 (the "Opposition"). In the Complaint, ESML alleged, *inter alia*, that it provided goods and services to TopPop, and that the Debtor and TopPop failed to pay for such goods and services. *See* Compl., at 3-32. ESML served the Debtor on June 28, 2023. Opp'n, at 2. The Debtor failed to file a response to the Complaint. Opp'n, at 2.

On June 28, 2023, TopPop filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, case no. 23-72310, thus implicating the automatic stay under 11 U.S.C. § 362(a) as to any lawsuit against it.

b. The Bankruptcy Case, Post Petition Actions in the New Jersey Lawsuit and the Objection to proof of claim no. 7-1

On October 16, 2023, Arena Investors, LP, Arena Finance Markets, LP and Arena Special Opportunities Partners I, LP (the "Petitioning Creditors") filed an involuntary Chapter 11 bankruptcy petition under 11 U.S.C. § 303 against the Debtor commencing this present case. [Doc. No. 1]. On December 4, 2023, the Bankruptcy Court entered an

[4] Unless otherwise indicated, the relevant facts are undisputed.

[5] References to *EMSL Analytical, Inc., v. TopPop LLC et al.*, BUR-L-001226-23 (N.J. Super. Ct. Law Div. filed June 23, 2023), are referred to as the "New Jersey Lawsuit."

[6] The Complaint is attached as Exhibit B to the Objection.

order for relief under Chapter 11. [Doc. No. 11]. Pursuant to an Order dated January 5, 2024, the Bankruptcy Court converted the Debtor's Chapter 11 case to a Chapter 7 case on consent of the Debtor. *See* [Doc. Nos. 21 & 23]. Robert Pryor, Esq. was appointed as the Chapter 7 Trustee in this bankruptcy case. [Doc. No. 22].

Meanwhile, on December 8, 2023, ESML filed a request in the New Jersey Lawsuit to enter default against the Debtor. Opp'n, at 3. On December 11, 2023, the Debtor was served with written notice that a default had been requested. Opp'n, at 3. On January 10, 2024, ESML filed and served upon the Debtor a notice of Motion for Entry of Final Judgment by Default (the "Default Motion"). Opp'n, at 4. On March 18, 2024, the Honorable Richard L. Hertzberg of the Superior Court of New Jersey granted the Default Motion and entered a Final Judgement by Default in favor of EMSL against the Debtor in the amount of $1,046,255.49, together with costs (the "Default Judgment"). Opp'n, at 4-5. On March 27, 2024, EMSL filed proof of claim no. 7-1 ("POC No. 7-1"), attaching two pages of the New Jersey Lawsuit docket showing the Default Judgment had been entered on March 18, 2024. *See* POC No. 7-1. EMSL noted that the basis of its claim was "Services provided, pending lawsuit in NJ docket# BUR-L-001226-23." POC No. 7-1.

On June 16, 2026, the Trustee filed the Objection to POC No. 7-1, arguing that the Debtor was not the beneficiary of the labor and services performed by EMSL for TopPop and the Debtor never agreed to assume the debt owed by TopPop to EMSL. While the Debtor's Chief Operating Officer offered to pay EMSL $25,000 as a good faith gesture, it does not appear that EMSL accepted the officer and the Debtor never committed to repay any portion of the debt owed by TopPop. *See* Obj., at 3-4; Opp'n, at 9. Essentially, the Trustee took the position there was no enforceable obligation against the Debtor for underlying services rendered by EMSL to TopPop. Obj. ¶¶ 15-24. Pursuant to an amended notice of hearing, the Objection was scheduled to be heard on August 18, 2026

(the "Hearing"), with opposition, if any, to be served upon the Trustee and the Office of the United States Trustee and filed with the Court so as to be actually received no later than August 11, 2026, at 5:00 p.m. [Doc. No. 244].

On August 17, 2026, EMSL, by its attorneys Boyd Law, untimely filed with the Court opposition dated August 11, 2026. [Doc No. 248]. EMSL asserts that at the time it prosecuted the New Jersey Lawsuit, it had no knowledge that an involuntary petition would later be filed against the Debtor. Nevertheless, notwithstanding repeated notices, the Debtor never filed an answer to the Complaint nor filed any opposition to the Notice of Motion for Entry of Final Judgment by Default served on January 10, 2024. EMSL contends that the Debtor and the Trustee had repeated notice and multiple opportunities to contest liability before the Default Judgment was entered on March 18, 2024. The Default Judgment is a final state court judgment, and the Trustee cannot use the bankruptcy claims allowance process to obtain a second adjudication of issues that should have been litigated in state court. *See* Opp'n, at 3-5. EMSL invokes legal principles such as *res judicata*, full faith and credit under 28 U.S.C. § 1738, and the *Rooker-Feldman* Doctrine. *See* Opp'n, at 6-21.

At the Hearing, the Trustee and his counsel appeared and there was no appearance by counsel for EMSL. During the Hearing, the Trustee argued for the first time, that the Default Judgment was void *ab initio*, as having been entered into in violation of the automatic stay. Aug. 18 Tr., 4:19-23. Having carefully considered the parties' papers and the argument presented by the Trustee at the Hearing, the Court found that POC No. 7-1 must be disallowed and expunged in its entirety. Aug. 18 Tr., 10:13-20.

IV. Legal Standards

a. The Automatic Stay

Pursuant to 11 U.S.C. § 362(a), a bankruptcy petition, including an involuntary petition filed under 11 U.S.C. § 303,

> operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1); *see also In re Capgro Leasing Assocs.*, 169 B.R. 305, 309-10 (Bankr. E.D.N.Y. 1994). "The automatic stay is a vital, fundamental protection afforded by the bankruptcy laws. It is designed to give debtors a respite from collection efforts so that they may reevaluate their financial circumstances." *In re Braught*, 307 B.R. 399, 403 (Bankr. S.D.N.Y. 2004). "The stay is effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect." *Church Mut. Ins. Co. v. Am. Home Assurance Co. (In re Heating Oil Partners, LP)*, 422 F. App'x 15, 18 (2d Cir. 2011) (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994)). "The action is void even where the acting party had no actual notice of the stay." *Hearst Magazines v. Stephen L. Geller, Inc.*, No. 08 Civ. 11312 (LLS), 2009 WL 812039, at *1 (S.D.N.Y. Mar. 25, 2009) (citation omitted); *see also Garcia v. Sklar (In re Sklar)*, 626 B.R. 750, 761, 763-64 (Bankr. S.D.N.Y. 2021) (finding federal district court action commenced and default judgment obtained post-petition were in violation of the automatic stay even if the violating party had no notice of the stay).

b. Allowance of Claims

Under Chapter 7, only the holder of an allowed claim may receive a distribution from the bankruptcy estate. *See* 11 U.S.C. § 726(a). A "claim" is defined in the Bankruptcy Code, in relevant part, as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, continent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." 11 U.S.C. § 101(5)(A).

A claim or interest, for which a proof of claim is filed, is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a). "A proof of claim signed and filed in accordance with these [Bankruptcy Rules] is prima facie evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f); *see also In re Residential Cap., LLC*, 501 B.R. 531, 538 (Bankr. S.D.N.Y. 2013). Bankruptcy Rule 3001(c)(1) provides, in pertinent part, "[i]f a claim or an interest in the debtor's property securing the claim is based on a writing, the creditor must file a copy [of the writing] with the proof of claim . . . ." Fed. R. Bankr. P. 3001(c)(1). The claimant must allege facts sufficient to support the claim and attach supporting documentation to the proof of claim. *In re Aiolova*, Case No. 11-10503 (BRL), 2013 Bankr. LEXIS 4504, at *5-7 (Bankr. S.D.N.Y. Oct. 29, 2013). "If a proof of claim is not supported by the requisite documentation, it is not presumed to be *prima facie* valid." *Id.* at *7-8 (citation omitted). "Failure to attach the documentation required by Rule 3001 will result in the loss of the *prima facie* validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (citation omitted). Courts in the Second Circuit have disallowed claims based upon insufficient documentation to support the claim. *Id.* at 118-19 (collecting cases). The documentary support is necessary to "enable the debtor or trustee to evaluate the claim's amount and validity and to challenge portions of the claim that may be inaccurate." *In re Live Primary, LLC*, 626 B.R. 171, 189

(Bankr. S.D.N.Y. 2021) (citation omitted).

"The burden of proof for claims brought in the bankruptcy court under section 502(a) rests on different parties at different times . . . . [A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." *In re Residential Cap., LLC*, 501 B.R. at 538 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). "The claim will be prima facie valid, if the averments in the filed claim meet this standard of sufficiency." *In re Brown*, 615 B.R. 725, 738 (Bankr. S.D.N.Y. 2020) (citation modified), *aff'd*, No. 1:20-cv-03943 (MKV), 2021 WL 510157 (S.D.N.Y. Feb. 11, 2021). "Federal pleading standards apply when assessing the validity of a proof of claim. Accordingly, a claimant must allege enough facts to state a claim for relief that is plausible on its face." *In re Residential Cap., LLC*, Case No. 12-12020 (MG), 2015 WL 2375979, at *6 (Bankr. S.D.N.Y. May 15, 2015) (citation modified).

"The burden then shifts to the objector to rebut the presumption of the prima facie validity of the claim." *In re Brown*, 615 B.R. at 738. The party objecting to the proof of claim has the burden of going forward with sufficient evidence (i) to rebut the validity or amount of the claim asserted or (ii) to show the claim should be disallowed. *See In re Aiolova*, 2013 Bankr. LEXIS 4504, at *6 (quoting *In re Williams*, Case No. 92-50546 (JLG), 1994 Bankr. LEXIS 2349, at *5 (Bankr. S.D. Ga. Mar. 30, 1994)); *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 540 (S.D.N.Y. 2001). "By producing 'evidence equal in force to the prima facie case,' an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" *In re Residential Cap., LLC*, 523 B.R. 24, 39 (Bankr. S.D.N.Y. 2014) (quoting *Creamer v.*

*Motors Liquidation Co. GUC Tr. (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013)); *see also In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000) ("Once an objectant offers sufficient evidence to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim." (citations omitted)). "The burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (alterations in original) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993)).

"The ultimate burden of proof, however, always lies with the claimant." *In re Taranto*, Case No. 10-76041-ast, 2012 Bankr. LEXIS 1320, at *18 (Bankr. E.D.N.Y. Mar. 27, 2012) (citing *Primavera Familienstifung*, 130 F. Supp. 2d at 540). Additionally, "[a]s the finder of fact, the Court is entitled to make credibility findings of the witnesses and testimony." *Merck Eprova AG v. Gnosis, S.p.A*, 901 F. Supp. 2d 436, 448 (S.D.N.Y 2012), *aff'd*, 760 F.3d 247 (2d Cir. 2014).

V. Discussion

Here, EMSL timely filed POC No. 7-1, and attached a 2-page docket from the New Jersey Lawsuit, noting that the Default Judgment had been entered on March 18, 2024. *See* POC 7-1, Attach. 1. The actual Default Judgment is not attached. Despite failing to attach the Default Judgment the Court finds that EMSL met its burden of providing *prima facie* evidence of the validity of POC 7-1. The burden thus shifts to the Trustee to rebut the *prima facie* validity of the claim. *See In re Brown*, 615 B.R. at 738.

The Trustee filed his Objection on June 16, 2026. The Trustee's arguments are two-fold – 1) the Debtor is not liable to EMSL for good and/or services EMSL rendered to TopPop absent any agreement or guarantee of TopPop's obligation to pay for such goods and/or services, and 2) the Default Judgment entered on March 18, 2024, is void *ab initio* as it was entered after the filing of the involuntary petition on October 16, 2023, and entry of the order for relief on December 4, 2023, in this bankruptcy case, and in violation of the automatic stay. *See* Aug. 18 Tr., 4:19-25, 5:1-4, 8-11; 11 U.S.C. § 362(a).

While EMSL did not appear at the Hearing on the Trustee's Objection, EMSL cannot and does not dispute that the Default Judgment was entered on March 18, 2024, after the commencement of this case.[7] As noted above, the filing of an involuntary bankruptcy petition under 11 U.S.C. § 303 on October 16, 2023, implicated the automatic stay, as to all entities, of the commencement or continuation of judicial action or proceeding against the Debtor. Thus, all the actions taken by EMSL after October 16, 2023, including the filing of (i) the Request to Enter Default filed on December 8, 2023, and (ii) the Notice of Motion for Entry of Final Judgment by Default on January 10, 2024, in the New Jersey Lawsuit were in violation of the automatic stay. Moreover, the Default Judgment entered by the New Jersey Superior Court was a nullity. In *Church Mutual Insurance Co. v. American Home Assurance Co. (In re Heating Oil Partners, LP)*, the Second Circuit held that a default judgment entered by a state court was void *ab initio* "because the suit commenced and/or continued while [the] stay was in effect." 422 F. App'x 15, 18 (2d Cir. 2011).

A claim based on a judgment that is void *ab initio* is a claim that is "unenforceable against the debtor and property of the debtor, under . . . applicable law . . . ." *See* 11

[7] EMSL states in its papers that "[t]he chronology of events is undisputed." *See* Opp'n, at 11.

U.S.C. § 502(b)(1). Thus, the Trustee has met his burden of rebutting the *prima facie* validity of POC No. 7-1 and the burden shifts back to EMSL to overcome the Trustee's rebuttal and prove the validity of POC No. 7-1 by a preponderance of the evidence. *See In re Motors Liquidation Co.*, 2013 WL 5549643, at *3 ("When the burden is shifted back to the claimant, [she] must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." (alterations in original)).

Additionally, to the extent EMSL argues that the Debtor is liable for goods and/or services provided by EMSL to TopPop, EMSL has not attached any guarantee or documentation to POC No. 7-1 in support of this claim. EMSL relied exclusively on the fact that it obtained the Default Judgment, invoking legal principles such as *res judicata*, full faith and credit under 28 U.S.C. § 1738, and the *Rooker-Feldman* Doctrine. *See* Opp'n, at 6-21. EMSL's reliance is misplaced as the Default Judgment, as noted above, is void *ab initio*. Further, nowhere in its opposition papers, or in the exhibits attached to POC No. 7-1, does EMSL rebut the Trustee's argument that the Debtor did not guarantee payment for goods and/or services provided by EMSL to TopPop, nor does EMSL provide any legal authority to hold the Debtor liable for TopPop's obligation to pay for any goods and/or services. *See generally* Opp'n. EMSL only attached the docket report from the New Jersey Lawsuit displaying that the Default Judgment had been entered. *See* POC No. 7-1, Attach. 1. EMSL did not include any supporting documentation in the Opposition as well. *See generally* Opp'n.

Thus, based on the record, the Court finds that (i) the Default Judgment is void *ab initio* and (ii) EMSL has failed to satisfy its burden to prove by a preponderance of evidence that the Debtor is obligated to pay the alleged debt owed to EMSL by TopPop.

## VI. Conclusion

For the reasons stated above, the Trustee's objection to POC No. 7-1 is sustained. POC No. 7-1 is disallowed, and the Clerk's Office is directed to expunge POC No. 7-1 from the Claims Register.

So Ordered.

**Dated: September 23, 2026**
**Central Islip, New York**

Louis A. Scarcella
United States Bankruptcy Judge